# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **JEREMY JERETTE SALES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-0050-RAH-CSC |
| | ) |
| **PAMELA BUTLER, et al.,** | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, who is an inmate confined at the Frank Lee Youth Center, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). By Order entered February 16, 2024, Plaintiff was informed that he must submit either the $405.00 in required fees or a properly completed application for leave to proceed in forma pauperis. (Doc. 2). The February 16, 2024 Order further informed Plaintiff that his failure to either file a timely fee or an application for IFP would result in a recommendation of dismissal. (*Id*. at p. 2).

Despite the court's admonition, Plaintiff did not file either the fee or an application for IFP by the imposed deadline. The undersigned views such failure as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent Plaintiff's active participation. Considering Plaintiff's willful failure to file an amendment as directed, the undersigned finds that any lesser sanctions than dismissal would not be appropriate under the circumstances. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts

"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **March 29, 2024**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 15th day of March, 2024.

/s/Charles S. Coody
**CHARLES S. COODY**
**UNITED STATES MAGISTRATE JUDGE**